[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on June 1, 1991, at Roslyn, New York.
All jurisdictional requirements have been met.
The parties have one minor child born issue of their marriage; John E. Pecquex, born April 3, 1995.
The marriage of the parties has broken down irretrievably and the same is hereby dissolved.
The court has considered all the statutory criteria contained in Conn. Gen. Stat. Secs. 46b-56, 46b-81, 46b-82, and 46b-84 and enters the following orders.
1. The parties shall have joint custody of the minor child, whose primary physical residence shall be with the plaintiff.
2. The defendant shall have reasonable rights of visitation which shall include until the child begins school, five weeks during the year, which may include alternate holidays as outlined below. When the child is enrolled in kindergarten, the defendant shall have visitation with the child during all school vacations (which may include holidays) and for the first half of the summer vacation.
3. The parties shall alternate the following holidays, Easter, Thanksgiving, Christmas, and the child's birthday (which after the child enters kindergarten shall be celebrated in Florida). The father shall have Easter and Thanksgiving in even years, and Christmas and the child's birthday in odd numbered years.
4. The father shall have reasonable phone contact with the child. The mother shall have reasonable phone contact with the child when he is with the father. CT Page 6120
5. Each of the parties shall keep the other aware of their current address and phone number. The defendant shall inform the plaintiff of the address and phone numbers of locations where visitation is being exercised.
6. The defendant shall pay alimony to the plaintiff in the amount of $125.00 per week until December 31, 1998 or the earlier remarriage of the plaintiff or the death of either party. The alimony award is non-modifiable as to duration.
7. The defendant shall pay child support in the amount of $165.00 dollars per week, subject to immediate wage withholding. This is a deviation from the child support guidelines which calls for $200.00 based on the defendant's current income, but this deviation is appropriate given the travel expenses involved in visitation.
8. The defendant shall maintain health insurance for the minor child if it is available through his employment. The plaintiff shall do the same. Each of the parties shall be responsible for one half of all unreimbursed or uninsured health care expenses incurred on behalf of the minor child.
9. The defendant shall have the right to the tax exemption for the minor child until the plaintiff earns wages in excess of $20,000.00 per year at which time the exemption shall alternate each year between the parties.
10. The defendant shall maintain life insurance naming the minor child as irrevocable beneficiary in the amount of $100,000.00, and shall maintain sufficient insurance in favor of the plaintiff to cover the alimony award for so long as he is obligated to pay alimony.
11. Each party shall maintain their own retirement funds.
12. The parties shall divide equally the remaining net proceeds of the sale of the marital home.
13. The defendant is awarded the Saturn and Volare autos and the plaintiff is awarded the Taurus.
14. Each party shall retain possession of all bank accounts and personal property in their possession. CT Page 6121
15. The ATT Universal Mastercard shall be paid out of the escrow account before it is divided.
BY THE COURT,
ELAINE GORDON, JUDGE